UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THELMA J. SMITH,<br>    Plaintiff, | Case No. 1:19-cv-1053<br>Dlott, J.<br>Litkovitz, M.J. |
|     vs. | |
| FIDELITY MORTGAGE,<br>INC., et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Defendant Fidelity Mortgage, Inc. (Fidelity) filed a motion to dismiss with prejudice for plaintiff's failure to prosecute on October 14, 2020. (Doc. 21). As part of its motion, Fidelity sought an award of costs and fees associated with plaintiff's failure to comply with her discovery obligations. After plaintiff failed to timely respond to the motion, the Court issued an order to show cause why the case should not be dismissed for lack of prosecution. (Doc. 22). Following an extension (Doc. 24), plaintiff filed a response to the show cause order. (Doc. 25). In his response, plaintiff's counsel cites complications from the COVID-19 pandemic and various office administration issues as the reasons for his delay in discovery production and prosecution of the case. In addition, plaintiff attests that all relevant documentary and video evidence has now been provided to defendants' counsel.

There is a general preference for deciding cases on the merits as opposed to sanctioning a party such that a litigant would be deprived her day in court. *Mays v. Comm'r of Soc. Sec.*, No. 1:08-cv-871, 2010 WL 749727, at *3 (S.D. Ohio Mar. 1, 2010) (citing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (remaining citations omitted). *See also Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("[D]ismissal of an action [for failure to prosecute] is a harsh sanction which the court should order only in extreme situations. . . ."). As plaintiff's counsel has now provided the

requested discovery and attests to his ability to resume prosecution of plaintiff's case, the Court's preference for merits disposition outweighs the competing policies of docket management and expeditious litigation. *See id.* The Court therefore recommends that Fidelity's motion to dismiss be denied.

Nevertheless, Fidelity has borne the cost and burden of restoring plaintiff's counsel's participation in this case. Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion [for an order compelling disclosure or discovery], including attorney's fees" if discovery is provided after the filing. Exceptions to this Rule include if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

While Fidelity did not file a motion to compel as such, its motion to dismiss based on plaintiff's failure to comply with her discovery obligations is the functional equivalent. Therefore, the Court must consider whether an award of attorney fees associated with the filing of the motion to dismiss is warranted under the circumstances.

The declaration by Fidelity's counsel attached to its motion demonstrates that Fidelity tried, in good faith, to resolve the matter informally. (*See* Doc. 21-1). The Court therefore considers whether plaintiff's non-disclosures were otherwise substantially justified or excusable.

Notwithstanding the circumstances cited in plaintiff's response, the Court is troubled by plaintiff's counsel's lack of attention to this matter for approximately five months—during which

he failed to maintain any communication with defendants' counsel, failed repeatedly to respond to Fidelity's requests for discovery, and failed to participate in two scheduled telephonic status conferences with the Court. This extended period of complete non-participation, failing even to apprise opposing counsel or the Court of his reported challenges, is not substantially justified. Likewise, the Court does not find that an award of Fidelity's attorney fees associated with its motion to dismiss would be unjust, given its good faith effort to resolve the matter informally and subsequent, reasonable, formal request to bring the matter to a head. Therefore, the Court finds an award of attorney fees associated with Fidelity's motion to dismiss is warranted against counsel for plaintiff under the circumstances.

## IT IS THEREFORE RECOMMENDED THAT:

1. Fidelity's motion to dismiss (Doc. 21) be denied.

2. Attorney fees be awarded against counsel for plaintiff for the time and expenses associated with Fidelity's motion to dismiss.

3. Fidelity be ordered to submit a fee petition in support of its request for attorney fees and costs consistent with this opinion within 30 days of any Order adopting this Report and Recommendation. In the event this Report and Recommendation is adopted by the District Judge, a hearing on the fee petition will be scheduled if necessary.

Date: 12/18/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

THELMA J. SMITH,                                                     Case No. 1:19-cv-1053
    Plaintiff,                                                     Dlott, J.
                                                                              Litkovitz, M.J.
    vs.

FIDELITY MORTGAGE,
INC., et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).