IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Thelma J. Smith, | : | |
| | : | Case No. 1:19-cv-1053 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Deeming Admitted Requests for |
| Fidelity Mortgage, Inc., *et al.*, | : | Admission and Granting Summary |
| | : | Judgment |
| Defendants. | : | |

Pending before the Court is Defendants' Motion to Deem Their Requests for Admission as Admitted and Motion for Summary Judgment (Doc. 32) filed on July 20, 2021. Plaintiff failed to respond to Defendants' Motion, despite receiving an extension of time until September 17, 2021 to respond. For the reasons that follow, the Court will **DEEM ADMITTED** the Requests for Admission and **GRANT** the Motion for Summary Judgment.

I.      BACKGROUND

Plaintiff Thelma J. Smith initiated this suit on December 12, 2019 against her former employer, Defendant Fidelity Mortgage, Inc., and two supervisors at Fidelity Mortgage, Defendants Jeffrey Vaughn and Steven Hutson. (Doc. 1.) Plaintiff asserted claims for sex discrimination and harassment in violation of state and federal law, unlawful retaliation in violation of state and federal law, and intentional infliction of emotional distress. (*Id.*) On February 14, 2020, Defendants timely filed an Answer denying liability. (Doc. 3.)

Plaintiff has failed to diligently prosecute this case against Defendants since filing the

1

Complaint.[1] Plaintiff failed to participate in telephonic status conferences held by Magistrate Judge Karen L. Litkovitz on August 10, 2020 and September 11, 2020. She also failed to timely respond to Defendants' Motion to Dismiss for Lack of Prosecution filed on October 14, 2020. (Doc. 21.) She responded only after Magistrate Judge Litkovitz issued an Order to Show Cause. (Docs. 22, 25.) In April 2021, upon a motion by Defendants, Magistrate Judge Litkovitz extended the deadlines in this case to complete discovery and file dispositive motions in part because Plaintiff had not cooperated in Defendants' attempts to schedule depositions. (Docs. 30, 31.)

Thereafter, Defendants served their First Discovery Requests on Plaintiff on May 13, 2021. (Doc. 32-1 at PageID 113; Doc. 34-1 at PageID 119, 144.) Plaintiff failed to respond to the First Discovery Requests, including to the Requests for Admission. (Doc. 32-1 at PageID 114.) Defendants then filed their Motion to Deem Their Requests for Admission as Admitted and Motion for Summary Judgment on July 20, 2021, six days before the dispositive motion deadline. Plaintiff did not file a timely response. The Court *sua sponte* granted Plaintiff an extension of time until September 17, 2021 to file a response because Defendants had not attached the Requests for Admission to their Motion. Defendants promptly remedied their omission. Nonetheless, Plaintiff failed to file a response within the extended deadline.

## II. LAW AND ANALYSIS

Defendants argue that each Request for Admission should be deemed admitted pursuant to Federal Rule of Civil Procedure 36. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P.

---

[1] Although the Court refers herein to Plaintiff's actions and inactions, Plaintiff is represented by legal counsel. Counsel has had the obligation to prosecute this action on Plaintiff's behalf, to respond to discovery, to attend conferences, and to file all necessary briefs.

36(a)(3). Defendants also move for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the basis of the purported admissions. On a summary judgment motion, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to . . . admissions . . . ." Fed. R. Civ. P. 56(c)(1).

The Court deems admitted the Requests for Admissions pursuant to Rule 36(a)(3). Plaintiff, therefore, has admitted the following facts:

- She was not the subject of unwelcome harassment at any point during her employment with Fidelity Mortgage, Inc.

- She was not subjected to unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature at any point during her employment with the Company.

- Defendants did not engage in harassment that unreasonably interfered with her work performance at any point during her employment with the Company.

- Defendants did not engage in harassment that was sufficiently severe and pervasive so as to alter the conditions of her employment and create an objectively intimidating, hostile, or offensive working environment at any point during her employment with the Company.

- Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior during her employment with the Company.

- She was not qualified for her position with the Company.

- She was not treated differently than other similarly situated male employees with respect to any term or condition of her employment with the Company.

- Defendants had a legitimate, non-discriminatory, non-retaliatory business reason for taking all employment actions she alleges as a basis for the claims asserted in the Complaint.

- Defendants' legitimate business reasons for taking the employment actions stated in the Complaint had a basis in fact, did actually motivate the employment actions, and were sufficient to motivate the employment actions.

- She did not complain to any manager at the Company at any time during her employment that she or any other employee was discriminated against,

3

- harassed, or otherwise treated unfairly with respect to any term or condition of employment based on her or another employee's membership in any protected class.

- There is no causal connection between any alleged complaint of sexual harassment, discrimination, or other unfair treatment and any of the employment actions that she alleges as a basis for the claims asserted in the Complaint.

- Her working conditions while employed with the Company were not so intolerable that a reasonable person in her shoes would have felt compelled to resign.

- None of the conduct alleged in the Complaint amounts to conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

- Defendants did not intentionally or recklessly cause her serious emotional distress or bodily harm resulting from such serious emotional distress.

(Doc. 34-1 at PageID 140–143.) Plaintiff cannot prove her claims for sex discrimination and harassment, unlawful retaliation, and intentional infliction of emotional distress in light of these admissions. Therefore, Defendants are entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Deem Their Requests for Admission as Admitted and Motion for Summary Judgment (Doc. 32) is **GRANTED**. The Requests for Admission are **DEEMED ADMITTED**. Summary judgment is **GRANTED** to Defendants on all claims.

**IT IS SO ORDERED.**

                BY THE COURT:

                S/Susan J. Dlott
                Susan J. Dlott
                United States District Judge